UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MAHAILYA PRYER,<br><br>Defendant. | No. 21-cr-667-RCL-ZMF |

### SECOND AMENDED ORDER

On May 22, 2023, this Court held a continued Preliminary Hearing on Violations of Release and Detention Hearing for Defendant Pryer.

The Bail Reform Act, although not controlling, provides guidance in determining whether a defendant should be released pending a final hearing on revocation. The Court finds that the Defendant is not a flight risk. Furthermore, the Court finds that a combination of conditions—that is, home incarceration at an inpatient facility—could reasonably assure the safety of the community.[1] Thus, it is therefore ORDERED:

The Defendant is ORDERED released from custody on June 5, 2023;[2]

Pursuant to 18 U.S.C. § 4282, the United States Marshals Service shall transport the Defendant forthwith to the place of her arrest: Springfield, Missouri. The United States Marshals Service shall provide subsistence to the Defendant to effect this transfer, consistent with regulations promulgated by the Attorney General.

---

[1] The Government objected to such findings and requested that the Defendant remain incarcerated.

[2] This Court previously had ordered that Defendant be released on May 26, 2023 and then on June 1, 2023. However, the U.S. Probation Office advised that bedspace at the inpatient facility was unavailable until June 6, 2023. As such, this Court is issuing the second amended order to ensure there is sufficient time to secure bedspace.

The Defendant shall remain in home incarceration. The Defendant shall be subject to location monitoring at the discretion of the U.S. Probation Office. The installation and removal of such device shall be left to the discretion of the U.S. Probation Office. Home incarceration shall begin at the inpatient treatment facility identified at the May 22 hearing. The Defendant shall travel directly to this facility upon her arrival to Springfield, Missouri. The Defendant shall execute all necessary releases to permit the U.S. Probation office to monitor her status. The Defendant must remain at the inpatient facility for the duration of the treatment. The Defendant shall immediately notify her counsel and the U.S. Probation office if she leaves this treatment facility for any reason.

Prior to the Defendant's release from the inpatient facility, the undersigned will hold a status hearing to assess if there is a viable place of residence for the Defendant, especially considering that a final revocation remains to be held.[3]

Pursuant to 18 U.S.C. § 4285, the Court found after an inquiry that the Defendant is financially unable to provide the necessary transportation to appear back before this Court. The Court further found that the interest of justice would be served by ordering the United States Marshals Service to arrange for round trip travel for such hearing. Thus, the United States Marshals Service shall provide for the Defendant's noncustodial transportation or furnish the fare for such transportation to this Court for such future hearing. The United States Marshals Service shall further furnish the Defendant with an amount of money for subsistence expenses to this destination, not to exceed the amount authorized as a per diem allowance for travel under section

---

[3] On May 24, 2023, Judge Lamberth ordered that a hearing to modify, revoke, or terminate supervised release shall be held before the undersigned in accordance with Fed. R. Crim. P. 32.1(b)(2) for the preparation of a report and recommendation to this Court. This designation will remain for the duration of the case, and the undersigned will respond to all subsequent requests from the probation office unless otherwise ordered by Judge Lamberth.

5 U.S.C. § 5702(a). Pursuant to 18 U.S.C. § 4285, such expenses shall be paid by out of funds authorized by the Attorney General for such expenses.

The Defendant's failure to comply with any provisions in this order will lead to the issuance of an arrest warrant.

The United States Marshals Service shall provide a copy of this Order to the Defendant upon her release.

Date: May 31, 2023

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE