UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 21-cr-667 (RCL) |
| v. : | |
| : | |
| : | |
| MAHAILYA PRYER, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE REGARDING IMPACT OF
D.C. CIRCUIT'S DECISION IN *U.S. V. LITTLE*

The United States of America, through undersigned counsel, hereby responds to the Court's August 18, 2023 Minute Order to submit briefing on whether or not Defendant Mahailya Pryer's supervision should be terminated as an illegal sentence in light of *United States v. Little*, 22-3018, slip op. (D.C. Cir. Aug. 18, 2023).

Background

On November 11, 2021, the defendant was charged via four-count information for offenses arising from her conduct at the U.S. Capitol on January 6, 2021. Dkt. 17. On May 18, 2022, the defendant pled guilty to Count Four of this information, which charged her with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). On September 30, 2022, then-District Judge Florence Y. Pan sentenced the defendant to 45 days of incarceration followed by three years of probation, along with $500 in restitution. Dkt. 53.

The defendant began her term of probation on December 29, 2022, set to end on December 28, 2025. ECF 70 at 1. On April 14, 2023, the U.S. Probation Office filed a petition alleging eight violations of her conditions of probation. Among other violations, the petition found that the defendant violated the condition that she not unlawfully use or possess controlled substances after

the defendant tested positive for use of methamphetamine on February 13, February 20, February 27, and March 6, 2023.[1] The petition stated that "Ms. Pryer presents as if she is intentionally committing violations and not being truthful because she does not believe there are consequences." Petition at 7.

In response to this petition, the Court issued a warrant for the defendant's arrest on April 25, 2023 and the defendant was taken into federal custody on May 1, 2023. On June 5, the defendant was released pending a final revocation hearing to an in-patient drug treatment program, then to the custody of her mother on June 25. On August 15, 2023, the U.S. Probation Office filed a second petition for revocation of the defendant's supervised release, documenting additional violations the defendant committed while awaiting her final revocation hearing. These included two additional positive drug tests for methamphetamine and fentanyl, suspected attempts to dilute USPO's drug tests, and other noncompliance. Dkt. 70.

On August 18, 2023, the D.C. Circuit vacated the sentence of James Little, who was also convicted of violating 40 U.S.C. § 5104(e)(2)(G), after determining that this sentence—60 days of incarceration and three years of probation—was not authorized by the Sentencing Reform Act of 1984, holding that incarceration and probation were mutually exclusive options for a court sentencing a defendant on a single petty offense. The D.C. Circuit remanded to the district court for resentencing. *Little* at 17.

---

[1] This conduct triggers mandatory revocation of the defendant's term of probation. 18 U.S.C. § 3565(b)(3) ("If the defendant . . . as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year . . . the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment.").

**Discussion**

The United States continues to evaluate whether further appellate review will be sought regarding the D.C. Circuit's decision in *Little*. As this Court knows, this evaluation requires extensive coordination within the Department of Justice. Moreover, the local rules for the D.C. Circuit dictate that a petition for *en banc* review must be filed within 45 days of entry of judgment. *See* Federal Rules of Appellate Procedure Rule 40(a)(1)(A)–(D) and Circuit Rule 35(a).[2] Thus, the Department is entitled to pursue its appellate review until approximately October 2, 2023. The government would respectfully ask this Court not take any action until then, at the very least.

However, should the Court vacate the sentence imposed on Sept. 30, 2022 and conduct a resentencing, as the D.C. Circuit ordered in remanding *Little* to the district court, it would be proper for the Court to consider whether, among other potential penalties, a term of supervised release should be imposed, whether the defendant can receive credit toward a new term of supervised release from the partial term of probation previously served, *see United States v. Bowe*, 309 F.3d 234, 240 (4th Cir. 2002) (finding no statutory authority to credit a vacated, partially served probationary term toward a term of supervised release imposed at resentencing), and the impact of such credit on the pending revocation proceedings stemming from the unlawful conduct and other violations committed by the defendant while on probation.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Hutton Marshall*

---

[2] The government erroneously stated in a prior filing that the deadline to seek *en banc* review was 14 days, not 45. Dkt. 72.

                                      J. Hutton Marshall
                                      DC Bar No. 1721890
                                      Assistant United States Attorney
                                      601 D Street NW
                                      Washington, D.C. 20005
                                      (202) 809-2166
                                      Joseph.hutton.marshall@usdoj.gov