# United States District Court
# For The District of Columbia

| | |
|---|---|
| United States of America, | |
| v. | Case No. 21-cr-00667-RCL-ZMF-2 |
| Mahailya Pryer, | |
| Defendant. | |

## Motion to Terminate Probation as an Illegal Sentence

Mahailya Pryer, through undersigned counsel, moves to terminate her probation as an illegal sentence under *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). This Court was without the authority to impose both imprisonment and probation, but Ms. Pryer received both. She has fully served the imprisonment portion of her sentence, and therefore her probation must be terminated because she cannot twice be punished for the same offense. *See Ex Parte Lange*, 85 U.S. 163 (1873); *In Re Bradley*, 318 U.S. 50 (1943). Under 18 U.S.C. § 3564(c), the Court has the authority to terminate her probation forthwith.

## I.     Background

In November 2021, Ms. Pryer was charged by information with four counts related to her activities at the U.S. Capitol on January 6, 2021. *See* Information, ECF No. 17 (Nov. 11, 2021). In May 2022, she pled guilty to a single petty offense (Count 4) of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Plea Ag't, ECF No. 33 (May 18, 2022); Min. Entry (May 18, 2022).

The government requested a split sentence of 3 months of incarceration and three years of probation, 60 hours of community service, and $500 in restitution.  *See* Gov't Sent'g Mem., ECF No. 44 (Sep. 9, 2022) & ECF No. 48 (Sep. 29, 2022).  Ms. Pryer requested a period of probation and asserted that a split sentence of incarceration and probation was statutorily impermissible.  *See* Def. Sent'g Mem. at 5, 9-1, ECF No. 46 (Sep. 23, 2022).

On September 30, 2022, then-District Judge Florence Y. Pan sentenced Ms. Pryer to 45 days of incarceration, followed by 36 months of probation, and $500 in restitution.  *See* Judgment, ECF No. 53 (Oct. 4, 2022).  Ms. Pryer finished serving her term of incarceration, and began serving her 36-month term of probation on December 29, 2022.

## II.    Argument

The probationary term that Ms. Pryer is currently serving following her imprisonment term is not a statutorily available sentence for a single petty offense.  Because she has fully served the imprisonment portion of her sentence, she has satisfied one valid alternative provision of her original sentence, and her probationary term must be terminated.

The defendant in *Little* was also sentenced to a split sentence of imprisonment followed by probation, but this decision was overturned on appeal.  *See Little*, 78 F.4th at 454, 461.  The D.C. Circuit explained that "[p]robation and imprisonment are alternative sentences that cannot generally be combined," so that "the district court could not"—as was done here—"impose both for Little's petty offense."  *Id.* at 454.  Specifically holding that "a defendant may not get probation and imprisonment for a single petty offense," the Court made clear that the available sentences are "(1) probation, (2) a fine, (3) imprisonment, (4) probation and a fine, or (5) imprisonment and a fine."  *Id.* at 456, 458.  And, as the D.C. Circuit underscored, this statutory

scheme means that "[o]nce a petty offender is done with imprisonment he may move on with his life," with no further post-confinement monitoring. *Id.* at 459 (citing 18 U.S.C. § 3583(b)(3)).

Because imprisonment and probation were alternative punishments, by continuing on probation, Ms. Pryer is being twice punished for the same offense. But "[n]o one can be twice punished for the same crime or misdemeanor[.]" *Ex parte Lange*, 85 U.S. at 169. Indeed, "we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." *Id.* at 173.

Ms. Pryer has already satisfied the imprisonment portion of her sentence, which was valid alone but not when combined with probation. Once Ms. Pryer completed her imprisonment, this principle "then interposed its shield, and forbid that [s]he should be punished again for that offence" with probation. *Id.* at 176. "[W]hen the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone." *Id.* "Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *In re Bradley*, 318 U.S. at 52.

Similar to the circumstances of Ms. Pryer's case, the individual in *Ex parte Lange*, 85 U.S. 163, was convicted of stealing mailbags from the Post Office, the statute carried a punishment of *either* imprisonment for up to one year *or* a fine of up to $200, and the court, erroneously, imposed the maximum of *both* punishments. After the individual had paid his fine and spent five days in prison, the court attempted to correct this error by entering an order resentencing him to one year in prison. The Supreme Court, however, held that because he had "fully performed, completed, and endured one of the alternative punishments which the law prescribed for that

3

offence," the court's "power to punish for that offence was at an end." *Id.* at 176.  Because the court's second order violated the Double Jeopardy Clause, the Supreme Court ordered that the petitioner be freed.  *Id.* at 178.

Similarly, in *In re Bradley*, 318 U.S. 50, a petitioner was found guilty of contempt and sentenced to six months in prison and a $500 fine.  He began serving his prison sentence, and his attorney paid the fine three days later.  The court realized that the relevant statute permitted imprisonment or fine, but not both, and it issued a new order amending the sentence to omit the fine but retain the imprisonment term, with instructions to return the fine to the petitioner.  The Supreme Court held the court's new order to be "a nullity."  *Id.* at 52.  "As the judgment of the court was thus executed so as to be a full satisfaction of one of the two alternative penalties of the law, the power of the court was at an end."  *Id.*

The same is true here.  The power of this Court to continue its supervision of Ms. Pryer through the previously imposed sentence of probation is at an end now that she has fully served her alternative sentence of imprisonment.

## III.    Conclusion

This Court has no further power to continue to punish Ms. Pryer for her offense of conviction, and under 18 U.S.C. § 3564(c), the interests of justice require that her probation be terminated forthwith.

Respectfully submitted,

A.  J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
JOANNA MUNSON PERALES
Research & Writing Attorney
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500