United States District Court
For The District of Columbia

| | |
|---|---|
| **United States of America,**<br><br>v.<br><br>**Mahailya Pryer,**<br><br>**Defendant.** | **Case No. 21-cr-00667-RCL-ZMF-2** |

## Opposition to Government's Motion to Hold in Abeyance

The government is simply wrong that the question of "whether resentencing rather than early termination of probation is the proper remedy for split sentences invalidated by *United States v. Little*, 78 F.4th 453, 454 (D.C. Cir. 2023), is presently before the D.C. Circuit in *United States v. Caplinger*, Case No. 22-3057 (Doc. No. 2030968, filed Dec. 11, 2023)." ECF No. 84 at 1. The government either misunderstands or misrepresents the posture, issues, and significance of *Caplinger*. *Caplinger* is not an appeal that will resolve whether, in a case such as Ms. Pryer's, early termination of probation is permissible in light of *Little*.

Like *Little*, *Caplinger* involved a split sentence of imprisonment and probation for a single petty offense. *See generally Caplinger*, No. 22-3057. *Caplinger* was filed after *Little*, was never fully briefed, and was ordered held in abeyance while the Court of Appeals was deciding *Little*. When *Little* was decided, Caplinger filed a motion asking the Court of Appeals *itself* to summarily *vacate* the probation component of his sentence. The government opposed Caplinger's request as premature since *Little* was not final and the mandate had yet to issue. Once the mandate issued, the parties filed separate motions to govern future proceedings. Caplinger renewed his

1

motion for summary *vacatur*—by the Court of Appeals—of his probation. Understandably, the government opposed Caplinger's request and instead asked the Court of Appeals to remand to the district court for resentencing—the same relief ordered in *Little* (*see Little*, 78 F.4th at 461 ("[W]e vacate Little's sentence and remand to the district court for resentencing."))[1] Notably, the government did not offer any substantive argument that a Court *cannot* vacate an unlawful component of a split sentence while leaving all other components intact. It merely opposed Caplinger's request to have the Court of Appeals do so in the first instance. *See* Gov't Motion to Govern Future Proceedings, Doc. #2030567 ("the government believes that, as in *Little*, the district court should decide any issues regarding resentencing in the first instance").

Although the defendant in *Caplinger* made the unorthodox request for the Court of Appeals to summarily vacate the probation component of his split sentence, it is pure speculation to assert that *Caplinger* might limit district court discretion to consider the unlawfulness of a previously imposed sentence when deciding whether to terminate probation early. *Caplinger* does not involve a motion to *terminate* probation under 18 U.S.C. § 3564 in circumstances such as here.[2] The government is plainly wrong to equate these two distinct situations. *Caplinger* is

---

[1] Little himself argued that the proper remedy for his unlawful split sentence would be for the Court to "reverse and remand with instructions that Little be immediately discharged from probation and that an amended judgment be issued reflecting no probationary term." *See* Brief of Appellant, *United States v. Little*, No. 22-3018 (filed July 28, 2023).

[2] Ms. Pryer acknowledges that it is hypothetically possible that the Court of Appeals could rule in *Caplinger* that the proper remedy for an unlawful split sentence on appeal is for the unlawful components of the sentence to be vacated while leaving other aspects of the sentence undisturbed. But the vacatur of a component of an unlawful sentence by the Court of Appeals simply is not the same as early termination of probation by a District Court judge who has recognized that the probation was unlawfully imposed at the outset.

instead inapposite and the government is incorrect that a ruling in *Caplinger* will be dispositive in Ms. Pryer's case.

In fact, even if the question of the appropriate means for addressing an unlawful split sentence could somehow reach the Court through *Caplinger*—which is itself speculative—it would be governed by prior precedent. In *United States v. Epps*, 707 F.3d 337, 346 (D.C. Cir. 2013), the Court of Appeals held that a challenge to the denial of a motion for a sentence reduction was not moot where the defendant had completed the imprisonment portion of his sentence precisely because a favorable ruling on appeal "would necessarily inform the district court's evaluation of a motion for [early] termination or reduction of [the defendant's] term of supervised release."

And while the government may wish for defendants to seek resentencing in situations where a Court has imposed an unlawful sentence, the government fails to identify a procedural avenue through which it would be empowered to foist this choice upon such defendants. In fact, the government appears to misunderstand that district courts do not retain jurisdiction or inherent authority to correct unlawful sentences. *See* 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be [modified in specified ways,] ... a judgment of conviction that includes such a sentence [of imprisonment] constitutes a final judgment for all other purposes."); *see also* 28 U.S.C.A. § 2106 (empowering *appellate* courts to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review"). Indeed, the Supreme Court has emphasized that given "the general rule of finality" governing criminal convictions and sentences, a judgment of conviction

and sentence "may not be modified by a district court except in limited circumstances" provided by statute. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

Thus, notwithstanding that every sentence a district court imposes is carefully crafted, because a district court does not have inherent authority to vacate it and start anew when some aspect of the sentence is deemed unlawful, the doctrine of finality dictates that not every unlawful sentence will be corrected. At the same time, there is no impediment to a court carefully considering the injustice of an unlawful sentence in the context of a motion to terminate post-conviction supervision. For these reasons, this Court should reject the government's speculative claim that *Caplinger* creates a limitation on the information a court is allowed to consider when deciding a motion to terminate probation in a January 6th case involving a petty misdemeanor offense.

For these reasons, and any others determined by the Court, Ms. Pryer respectfully requests that the Court deny the government's motion to hold the proceedings in abeyance.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
JOANNA MUNSON PERALES
Research & Writing Attorney
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500