## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

**v.**

**MAHAILYA PRYER**,

*Defendant.*

**Case No. 1:21-cr-667-RCL-2**

## MEMORANDUM OPINION

For her involvement in the January 6, 2021 attack on the United States Capitol, Defendant Mahailya Pryer pleaded guilty to a single petty offense.  She received a sentence of forty-five days' imprisonment, to be followed by thirty-six months' probation.  Pryer has completed her term of imprisonment.  She is currently on probation, but faces a pending final hearing on revocation of probation for alleged violations of her conditions of probation.  Her sentence was cast in doubt, however, when the D.C. Circuit held in *United States v. Little* that a court sentencing a defendant for a single petty offense may impose imprisonment or probation but not both.  78 F.4th 453, 454 (D.C. Cir. 2023).  That ruling presents the question of what to do with a defendant who is serving a term of probation as part of the kind of split sentence declared unlawful in *Little*.

Pryer asks the Court to terminate her probation early under 18 U.S.C. § 3564(c).  The government requests that the Court hold that motion in abeyance until the D.C. Circuit decides *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022).  The Court will refrain from deciding Pryer's motion for now, but for a different reason: The Court cannot decide her early termination motion without prejudging her pending revocation hearing.

Magistrate Judge Zia M. Faruqui has recommended that the Court end Pryer's probation not by applying § 3564(c) but instead by declaring her sentence "void."  For its part, the

1

government has moved for the Court to vacate Pryer's sentence and resentence her.  However, the

Court lacks authority to take either action.  The Court can only act within the bounds of its authority

set by Congress, and no statute or rule gives the Court authority, under these facts and on this

procedural posture, to revisit Pryer's sentence at this time.  It cannot wave a magic wand and make

Pryer's prior sentence disappear.  Accordingly, the Court declines to adopt Magistrate Judge

Faruqui's report.  It will **DENY** the government's motion to hold in abeyance and **DENY** the

government's motion for resentencing.  For now, at least, Pryer remains subject to her term of

probation.  The Court will proceed with revocation proceedings, absent defendant's filing of some

other motion for relief pursuant to 28 U.S.C. § 2255.

## I.     BACKGROUND

### A.  Pryer's Offense and Sentencing

On May 18, 2022, Pryer pleaded guilty to one count of Parading, Demonstrating, or

Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Min. Entry (May

18, 2022); Plea Agr., ECF No. 33; Statement of Offense, ECF No. 34.  On September 30, 2022

then-District Judge Florence Y. Pan sentenced Pryer to a term of imprisonment of forty-five days,

to be followed by thirty-six months of probation.  *See* J., ECF No. 53; Min. Entry (Sept. 30, 2022).

The Court also ordered a special assessment of $10 and restitution of $500.  Judgment 6.  In late

December, Pryer completed her term of incarceration and began her term of probation.

### B.  Pryer's Probation Revocation Process

When the Court sentenced Pryer to a term of probation, it included mandatory conditions

as well as standard and special conditions of supervision.  Judgment 3–6.  However, on April 14,

2023, the Probation Office alleged that Pryer had violated a number of her probation conditions.

*See* Sealed Probation Pet., ECF No. 62, 2–4.  The report alleged violations of eight separate

conditions: that she not commit another federal, state, or local crime (on at least four occasions,

operating a motor vehicle without a valid driver's license and without possessing financial responsibility or insurance), that she give truthful responses to her probation officer, that she not unlawfully possess or use a controlled substance (here, methamphetamine), that she participate in substance abuse treatment, that she perform community service, that she secure gainful employment, that she not associate with those engaged in criminal activity, and that she pay her court-ordered restitution. *Id.* By this time, the case had been reassigned to this Court, which issued an arrest warrant. *See* Sealed Order Granting Probation Pet., ECF No. 63.

Once Pryer had been arrested and committed to custody, a preliminary revocation hearing was held before Magistrate Judge Zia M. Faruqui. *See* Min. Entry (May 16, 2023). The Court referred the case to Magistrate Judge Faruqui to hold a hearing to modify, revoke, or terminate Pryer's probation pursuant to Federal Rule of Criminal Procedure 32.1(b)(2) for the preparation of a report and recommendation to this Court. *See* Min. Order (May 24, 2023). Pending a final hearing on revocation, Magistrate Judge Faruqui ordered Pryer released from custody with additional supervised release conditions. *See* Second Am. Order 1, ECF No. 68.

Pryer was released on June 5, 2023, but the Probation Office soon alleged further violations: use and possession of methamphetamine and fentanyl, refusal to submit to substance abuse testing, failure to make payments toward her restitution order, failure to attend substance abuse treatment, and failure to return to her residence as scheduled without notifying her probation officer. *See* Probation Pet., ECF No. 70. At that point, Magistrate Judge Faruqui requested briefing on whether Pryer's supervision should be terminated as an illegal sentence under *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). Because of that legal issue, Pryer's final revocation hearing has not yet occurred.

### C. The Present Dispute

The government responded to Magistrate Judge Faruqui's order.  ECF No. 75.  In November, Pryer moved for early termination of her probation under 18 U.S.C. § 3564(c).  Def. Mot., ECF No. 77.  The government filed an opposition and motion for resentencing, Gov. Opp'n & Mot. for Resentencing ("Gov. Opp'n"), ECF No. 81.  Pryer filed a reply.  Def. Reply, ECF No. 82.

In December, the government moved to hold Pryer's motion in abeyance until the D.C. Circuit decides *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022).  Abeyance Mot., ECF No. 84.  Pryer filed an opposition, Def. Opp'n to Abeyance Mot., ECF No. 86, and the government submitted a reply, Gov. Reply in Support of Abeyance Mot., ECF No. 87.

On January 17, 2024, Magistrate Judge Faruqui issued a report and recommendation.  *See* R. & R., ECF No. 88.  He concluded that because Pryer had completed her term of imprisonment, double jeopardy principles precluded her resentencing.  *See id.* 3–4.  Magistrate Judge Faruqui therefore recommended that the Court "void Ms. Pryer's sentence of probation, DENY the government's motion for resentencing, DISMISS Ms. Pryer's motion for early termination as moot, and close the case."  *Id.* 3.[1]  The government timely filed objections to the Report and Recommendation.  *See* Gov. Obj., ECF No. 90.[2]  Pryer did not object.

The motions are now ripe for review.

---

[1] The Court understands Magistrate Judge Faruqui's recommendation that the Court "void Ms. Pryer's sentence of probation . . . and close the case" to mean that the Court should vacate Pryer's sentence and effect her release by imposing a punishment of probation or imprisonment equal to what she has already served.

[2] The Government first filed a motion for an extension of time to file objections to the Report and Recommendation. *See* ECF No. 89.  But since the government succeeded in filing its objections within fourteen days of the recommended disposition, the objections are timely.  *See* Fed. R. Crim. P. 59(b)(2).  The Court will therefore deny the government's motion as moot.

## II.    STANDARD OF REVIEW

The Local Rules authorize a district court to delegate a hearing on an alleged violation of probation to a magistrate judge.  *See* LCrR 32.1(e).  "Following a hearing before the magistrate judge, the magistrate judge shall file written findings and recommendations."  *Id.*  The report and recommendation does not bind the Court, however.  Instead, "[t]he Court shall make a de novo determination of those portions of the magistrate judge's report to which objections are made and may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge."  *Id.*  The Court may also "recommit the matter to the magistrate judge with instructions."  *Id.*

## III.    DISCUSSION

The Court declines to follow Magistrate Judge Faruqui's recommendation to "void" Pryer's sentence as well as the government's request to vacate her sentence and resentence her, because the Court lacks authority to simply revisit Pryer's sentence.  At this stage, however, it would be premature for the Court to decide Pryer's motion for early termination.  That is not because the Court agrees with the government that it should hold off until the D.C. Circuit's decision in *Caplinger*.  Rather, if the Court were to decide Pryer's motion for early termination while her final revocation hearing remained pending, it might make findings that could control the outcome of the revocation hearing.  Rather than predetermine that proceeding, the Court will wait to decide Pryer's motion.

### A. The Court Lacks Authority to "Void" or Vacate Pryer's Sentence at This Stage

Both the Magistrate Judge and the government have urged the Court to set aside Pryer's entire sentence, rather than terminate her probation early under § 3564(c).  Magistrate Judge Faruqui recommends that the Court sua sponte declare her sentence of probation "void," R. & R. 3, and the government requests that the Court vacate her sentence and resentence her, Gov. Opp'n

1.[3]  But neither proposal was advanced with any explanation for the Court's authority to set aside

Pryer's sentence.  Nor is the Court aware of any such authority.  Once a district court imposes a

final criminal sentence, it has no authority to alter that sentence except in a manner permitted by

statute or the Federal Rules of Criminal Procedure.  Although Congress has created several

mechanisms for revisiting a sentence, none are available here.  Accordingly, the Court lacks

authority to "void" or vacate Pryer's sentence.

"Once a federal criminal sentence is imposed, it is generally considered final."  *United*

*States v. Lawrence*, 1 F.4th 40, 46 (D.C. Cir. 2021) (citing 18 U.S.C. §§ 3582(b) and 3742).  Since

Pryer's judgment of conviction included not only a term of probation but also a term of

imprisonment, her sentence falls within the scope of the general rule of finality.  *See* § 3582(b)

("Notwithstanding the fact that a sentence to imprisonment can subsequently be—(1) modified

pursuant to the provisions of [§ 3582(c)]; (2) corrected pursuant to the provisions of rule 35 of the

Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside

the guideline range, pursuant to the provisions of section 3742; *a judgment of conviction that*

*includes such a sentence* constitutes a final judgment for all other purposes.") (emphasis added).

The finality of criminal convictions and sentences serves a range of essential functions.

*See, e.g.*, *Sanders v. United States*, 373 U.S. 1, 24–25 (1963) (Harlan, J., dissenting) ("Both the

individual criminal defendant and society have an interest in insuring that there will at some point

be the certainty that comes with an end to litigation, and that attention will ultimately be focused

not on whether a conviction was free from error but rather on whether the prisoner can be restored

to a useful place in the community."); Henry J. Friendly, *Is Innocence Irrelevant? Collateral*

---

[3] The government has belatedly walked back its request.  *See* Gov. Obj. 6 & n.2 ("[T]he government acknowledges that Pryer cannot be resentenced on the government's motion at this juncture[.]").  But because the government has not withdrawn its motion, the Court will proceed to consider the motion.

*Attacks on Criminal Judgments*, 38 U. CHI. L. REV. 142, 149 (1970) ("[I]t is difficult to urge public

respect for the judgments of criminal courts in one breath and to countenance free reopening of

them in the next."); Paul M. Bator, *Finality in Criminal Law and Federal Habeas Corpus for State*

*Prisoners*, 76 HARV. L. REV. 441, 451–53 (1963) (identifying interests favoring finality, including

conservation of resources and the effectiveness of the criminal law's "substantive commands").

In apparent recognition of competing interests, however, Congress has created "a few

narrow exceptions" to this "rule of finality." *United States v. Long*, 997 F.3d 342, 347 (D.C. Cir.

2021). 18 U.S.C. § 3582(c) sets out three situations in which a court may modify an imposed term

of imprisonment. "First, certain prisoners may be granted compassionate release due to their

advanced age or for other 'extraordinary and compelling reasons[.]'" *Lawrence*, 1 F.4th at 46

(quoting § 3582(c)(1)(A)). "Second, prison terms can be modified 'to the extent otherwise

expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]'" *Id.*

(quoting § 3582(c)(1)(B)). "And third, courts can entertain motions to reduce prison terms if the

applicable sentencing range for the defendant has been lowered by the Sentencing Commission."

*Id.* (citing § 3582(c)(2)).

Whether or not § 3582 is jurisdictional,[4] it confines a district court's authority to modify a

final sentence to the limited circumstances authorized by statute or rule. Section 3582(c) provides

---

[4] This case concerns whether vacating Pryer's sentence would be a proper exercise of the Court's jurisdiction. Whether the Court would have jurisdiction to take that step is a separate question. In addressing a defendant's argument that Federal Rule of Criminal Procedure 48(a) is not available to dismiss an indictment once a sentence is final, the D.C. Circuit noted "we must distinguish questions of jurisdiction—whether a case 'fall[s] within a court's adjudicatory authority,' . . . —from questions of the proper exercise of jurisdiction, here, whether Rule 48 can be used to vacate a sentence that has become final on appeal." *United States v. Smith*, 467 F. 3d 785, 787 (2006) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). The Circuit concluded that under *Eberhart v. United States*, 546 U.S. 12 (2005), district courts "appear[]" to "retain some reservoir of jurisdiction—distinct from the rules of criminal procedure themselves—to entertain motions after final judgment." *Id.* at 788; *see also id.* ("*Eberhart*'s holding . . . calls into question a jurisdictional reading of § 3582") (citing *Eberhart*, 546 U.S. at 15–21). But the Circuit stopped short of deciding whether § 3582 imposes jurisdictional limits on applying Rule 35 or other rules. *Id.* at 788.

that "[t]he court may not modify a term of imprisonment once it has been imposed except" under the three circumstances specified by Congress. *See United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997) ("Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances . . . ."). Indeed, numerous circuits have held that a district court can revise a sentence only when specifically authorized by Congress. *See, e.g.*, *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010); *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010); *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009); *United States v. Washington*, 549 F.3d 905, 914–15 (3d Cir. 2008); *United States v. Zsofka*, 121 F.3d 696 (1st Cir. 1997) (per curiam); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir. 1988).[5] Several courts in this district have held the same. *See United States v. Scott*, 215 F. Supp. 3d 9, 10 (D.D.C. 2012) ("A district court has the power to modify a previously imposed sentence only when authorized by statute.") (citing 18 U.S.C. § 3582(c)(2)); *United States v. Greene*, 516 F. Supp. 3d 1, 28 (D.D.C. 2021) (same); *United States v. Goode*, 953 F. Supp. 2d 74, 76 (D.D.C. 2013) (same).

In addition to the text of § 3582, another strong signal from Congress that a district court has no authority to modify a sentence unless authorized by statute is the fact that Congress has abolished the provision of the Federal Rules of Criminal Procedure that permitted a district court

---

[5] To be sure, in *Lawrence*, the D.C. Circuit stated that "18 U.S.C. § 3582(c) sets out three circumstances in which a *lawfully imposed* term of imprisonment may be modified." *Lawrence*, 1 F.4th at 46 (emphasis added). This could be read in two ways. One is that § 3582(c)'s framework applies only to legal, not illegal, sentences. Or it could mean this framework does not apply to a sentence that was not been imposed in a lawful manner—for instance, a sentence issued by a court lacking jurisdiction. The latter reading makes far more sense. Section 3582(c) seems to encompass modifications to sentences on the basis of illegality, since the most obvious means "expressly permitted by statute," § 3582(c)(1)(B), is 28 U.S.C. § 2255, which may be used to attack an illegal sentence. *See* 28 U.S.C. § 2255(a). And treating illegal sentences as outside the scope of § 3582(c) would conflict with the decisions of at least seven other circuits, discussed above, the plain text of the statute, and the D.C. Circuit's characterization of that statute in other cases. *See Morris*, 116 F.3d at 504 ("Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances . . . ."); *Smith*, 467 F.3d at 788 (characterizing § 3582 as "stating that a court 'may not modify a term of imprisonment once it has been imposed except' under three specified circumstances" contained in Section (c)).

to correct an illegal sentence at any time, as discussed below.  Moreover, a district court's assertion of freestanding authority to revisit an illegal sentence at any time would disrupt the established statutory scheme for challenging illegal sentences set out in 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").  Congress has devised numerous procedural barriers to § 2255 motions, but that whole effort would be meaningless if a district court could simply vacate an illegal sentence at will, without any procedural constraints.

Therefore, if the Court has authority to "void" or vacate Pryer's sentence, it must be found in the exceptions contemplated by § 3582.  Taking each in turn, it is clear that none authorizes the Court to revisit Pryer's sentence, at least under this procedural posture.  The Court therefore lacks authority to do as the government requests and the Magistrate Judge recommends.

Section 3582(c)'s provisions concerning compassionate release, § 3582(c)(1)(A), and changes to the sentencing guidelines, § 3582(c)(2), are plainly inapplicable to this case.  That means Pryer's sentence can only be modified "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" § 3582(c)(1)(B).

While a defendant may seek review of his or her sentence on appeal, Pryer has not pursued that course.  *See* 18 U.S.C. § 3742(a) (providing that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence" in several circumstances, including if the sentence "was imposed in violation of law"); § 3582(b)(2) (providing that a sentence of imprisonment can be "corrected" pursuant to § 3742); 28 U.S.C. § 1291 (granting the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of the United States").

Had Pryer appealed, the Circuit might have vacated her sentence and remanded for resentencing. *See, e.g.*, *Little*, 78 F.4th at 461 (vacating and remanding for resentencing when a defendant challenged his split sentence of imprisonment and probation for conviction of a single petty offense); *Little*, 2024 WL 181260 at \*3–4 (holding that on remand from the court of appeals, the district court was required to resentence the defendant). But Pryer never pursued a direct appeal of her sentence.

Nor has Pryer attempted to deploy the statutory means for a collateral attack on an illegal sentence. Pursuant to 28 U.S.C. § 2255 a federal prisoner in custody may "may move the court which imposed the sentence to vacate, set aside or correct the sentence," subject to various restrictions. *See* 28 U.S.C. § 2255(a). But Pryer has never filed a § 2255 motion. By now, a § 2255 motion would be time-barred.[6] Under certain circumstances, a federal prisoner may also seek habeas corpus relief under § 2241, *see* § 2255(e), but again Pryer has not attempted to pursue this remedy. Nor has Pryer moved to vacate her conviction by writ of coram nobis, although that common law writ may on rare occasions be available pursuant to the All Writs Act. *See United States v. Morgan*, 346 U.S. 502, 512 (1954) (citing 28 U.S.C. § 1651(a)).

Finally, Federal Rule of Criminal Procedure 35 is not available in this case—and the history of that Rule indicates that a district court has no authority to revisit even an illegal sentence, unless through the mechanisms discussed so far. In its current form, Rule 35 permits correction of a

---

[6] Section 2255(f) imposes a one-year period of limitation for such motions, which in this case runs from "the date on which the judgment of conviction becomes final." § 2255(f). Pryer did not appeal. When "a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *United States v. Ingram*, 908 F. Supp. 2d 1, 4 (D.D.C. 2012) (quotation and citation omitted) (collecting cases). Pryer's notice of appeal had to be "filed in the district court within 14 days after . . . the entry of . . . the judgment." Fed. R. App. P. 4(b)(1)(A)(i). Here, judgment was imposed on September 30, 2022. *See* Judgment. 1. Accordingly, the period of limitations for Pryer to file a § 2255 motion has come and gone. That said, the government has stated that "[i]n the interests of justice, the government would consider waiving any applicable procedural barriers to relief sought in a § 2255 motion based on the D.C. Circuit's decision in *Little*." Gov. Obj. 16 n.9.

10

sentence in two scenarios.  Rule 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Rule 35(b) permits reduction of a sentence under certain circumstances when the defendant provides "substantial assistance" to the government.  Fed. R. Crim. P. 35(b).  Of course, neither provision is applicable here.

More relevant is the history of Rule 35, which makes clear that district courts do not have free-floating authority to revise sentences.  *See generally* Andrew P. Rittenberg, Note, *"Imposing" A Sentence Under Rule 35(c)*, 65 U. CHI. L. REV. 285, 288–95 (1998) (discussing the history of Rule 35).  When the Federal Rules of Criminal Procedure first took effect in 1946, Rule 35(a) provided that "[t]he court may correct an illegal sentence at any time."  Fed. R. Crim. P. 35(a) (1946).  But upon rewriting Rule 35 as part of the Sentencing Reform Act of 1984, Congress deleted that provision.  *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 215(b), 98 Stat. 1987, 2015–16.  "The underlying purpose" of this revision "was to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification."  *United States v. Cook*, 890 F.2d 672, 674–75 (4th Cir. 1989).  By eliminating a district court's express authority to correct an illegal sentence at any time, Congress signaled that courts no longer have such authority, unless authorized by another statutory provision such as § 2255.  *See Washington*, 549 F.3d at 914 ("To the extent district courts may have ever had the inherent power to vacate a sentence procured by fraud, such power was abrogated by the enactment of 18 U.S.C. § 3582(c) and the amendments to Federal Rule of Criminal Procedure 35.").[7]

---

[7] No other provision in the Federal Rules of Criminal Procedure would authorize the Court to vacate Pryer's sentence. Although Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint," the government has not invoked Rule 48(a) and at any rate the D.C. Circuit has observed that "both the

Nonetheless, there is at least one statutory mechanism that, at a later point, may have the effect of remedying Pryer's illegal sentence by permitting the Court to vacate Pryer's sentence and impose a new sentence consistent with the D.C. Circuit's decision in *Little*.   Pryer's final revocation of probation hearing is currently pending. Should the Court revoke her probation, it will resentence her for her original offense.  *See* 18 U.S.C. § 3565(a)–(b) (providing that if the Court revokes the defendant's probation, it shall "resentence the defendant under subchapter A," which concerns the general provisions of sentencing); U.S. SENT'G GUIDELINES MANUAL, ch. 7, pt. A(2)(a), introductory cmt. (U.S. SENT'G COMM'N 2023) ("Under current law, if the court finds that a defendant violated a condition of probation, the court may . . . revoke probation and impose any other sentence that initially could have been imposed.") (citing § 3565).  But of course whether resentencing pursuant to § 3565 will occur will depend on the outcome of Pryer's final revocation proceeding.

Therefore, at this stage the Court lacks authority to "void" or vacate Pryer's sentence. Indeed, while both the government and Magistrate Judge Faruqui call for the Court to wipe away her sentence, neither offers any legal basis for the Court's authority to do so.

The government has not provided the Court with any explanation for its authority to vacate Pryer's sentence and impose a new sentence.  Granted, it cites two D.C. Circuit cases that at first glance seem to endorse a district court's ability to revise an illegal sentence.  *See* Gov. Opp'n 6–7 (citing *Hayes v. United States*, 249 F.2d 516, 517–18 (D.C. Cir. 1957) and *Davenport v. United States*, 353 F.2d 882, 884 (D.C. Cir. 1965)).  However, those decisions addressed only whether a district court was precluded from resentencing by double jeopardy.  *See Hayes*, 249 F.2d at 518;

---

text of the rule and its roots in the common law doctrine of *nolle prosequi* cast doubt on Rule 48's applicability post-conviction." *Smith*, 467 F.3d at 789.

*Davenport*, 353 F.2d at 884 (citing *Hayes*, 249 F.2d at 516).  Each case took as a given that the court below had authority to revise an illegal sentence because at the time district courts *did* have such express authority.  *See* Fed. R. Crim. P. 35(a) (1946).  Indeed, *Davenport* noted that the appeal concerned the denial of a defendant's motion to correct an illegal sentence under the former Rule 35,  *Davenport*, 353 F.2d at, 883, and *Hayes* referenced Rule 35 as well, *Hayes*, 249 F.2d at 519.

The Magistrate Judge's Report and Recommendation similarly missed the fundamental issue of whether the Court has the authority to set aside Pryer's sentence.  He reasoned that because Pryer's sentence is illegal and because double jeopardy would bar imposing any additional punishment upon resentencing, the Court must "void Ms. Pryer's sentence of probation" "and close the case."  *See* R. & R. 3.  This reasoning is flawed in part because it relies on an erroneous understanding of double jeopardy.[8]  But a deeper problem is that the Magistrate Judge skipped a

---

[8] Magistrate Judge Faruqui read *Ex parte Lange*, 85 U.S. 163 (1873) and *In re Bradley*, 318 U.S. 50 (1943) to mean that because Pryer has fully served the term of imprisonment of 45 days, she cannot be made to continue serving her term of probation and cannot be resentenced to any further punishment.  R. & R. 2–13.  However, this Court recently examined in some detail the case law of the Supreme Court and D.C. Circuit on double jeopardy and resentencing. *See Little*, 2024 WL 181260 at \*3–4.  The reason the Court cannot resentence Pryer is because it lacks authority to do so, not because double jeopardy stands in the way.  Magistrate Judge Faruqui erred in his double jeopardy analysis in at least two ways.

First, the fact that Pryer has completed the entire term of imprisonment *imposed by the Court* does not preclude her from serving her term of probation, because she has not incurred the *maximum punishment permitted by the statute*. The D.C. Circuit has explained that "the holdings in *Ex parte Lange* and [*United States v. Benz*, 282 U.S. 304 (1931)] now mean only that a court which imposes a sentence greater than that authorized by the legislature subjects a defendant to multiple punishment in violation of the double jeopardy clause." *United States v. Fogel*, 829 F.2d 77, 86–87 (D.C. Cir. 1987).  Pryer was convicted of 40 U.S.C. § 5104(e)(2)(G), for which the statutory maximum prison term is six months.  40 U.S.C. § 5109(b).  But she was only sentenced to forty-five days.  So, even if Pryer serves the split sentence as originally imposed, she will not have experienced a total quantum of punishment greater than that imposed by Congress.

Second, double jeopardy principles would not preclude the Court from resentencing Pryer, and imposing additional punishment, so long as it credited the punishment already incurred.  *See Little*, 2024 WL 181260 at \*3–4. "A sentence plainly illegal, . . . may be corrected even after the defendant has begun serving it." *United States v. Evans*, 459 F.2d 1134, 1136 (D.C. Cir. 1972) (citations omitted).  Whether increasing a sentence would violate double jeopardy "turns on the extent and legitimacy of a defendant's expectation of finality in that sentence." *Fogel*, 829 F.2d at 87.  A defendant who receives an illegal sentence—for instance, a split sentence such as Pryer's—does not have a legitimate expectation of finality.  *See id.* at 88.  That Pryer already served her term of imprisonment and part of her term of probation would mean only that "any punishment already incurred must be credited against the increased punishment." *Little*, 2024 WL 181260, at \*5.  Indeed, the Court has twice resentenced defendants who had already served the prison term of their split sentences.  *See United States v. Little*, 21-cr-315-RCL, Notes for Resentencing, ECF 73; *United States v. Mazzio*, 22-cr-214-RCL, Min. Entry (Jan. 31, 2024).

13

crucial logical step. He assumed that Pryer's sentence cannot be left in place. He therefore reasoned that the Court must either resentence her or let her go, and since it cannot do the former it must do the latter.

However, the assumption that an illegal sentence must be treated as void contradicts well-established law. For the reasons discussed above, a district court can only modify a final sentence if it is authorized to do so by statute or the Federal Rules of Criminal Procedure. Vacatur of an illegal sentence is not automatic, and for good reason—the finality of sentences would count for little if district judges had free rein to alter sentences whenever the illegality of a sentence became evident, as in this case, or perhaps just arguable. Moreover, a person serving a criminal sentence is not necessarily entitled to relief just because later developments in the law mean such a sentence could no longer be imposed. For instance, Congress has erected complex and varied barriers to obtaining relief under § 2255. And many judicial decisions do not apply retroactively to cases on collateral review. *See, e.g.*, *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021) ("This Court has repeatedly stated that a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on federal collateral review." (citing *Teague v. Lane*, 489 U.S. 288, 310, (1989) (plurality opinion)).

Accordingly, both the government and the Magistrate Judge have urged the Court to take a step it has no authority to do. The Court cannot do so. It will therefore deny the government's motion for resentencing and decline to follow the Magistrate Judge's recommendation to void Pryer's sentence.

**B. The Court Will Not Hold Pryer's Motion in Abeyance**

The Court will not hold Pryer's motion in abeyance until the D.C. Circuit decides *Caplinger* because doing so is not likely to conserve judicial resources, would be unfair to the defendant, and might endanger public safety.

"Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). Accordingly, "[a] court may grant such a motion if it finds that '[i]n the interest of judicial economy and avoiding unnecessary litigation' a stay is appropriate." *Id.* (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005)); *cf. IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

Here, judicial economy does not support holding Pryer's motion in abeyance. If *Caplinger* were certain to decide the issue at hand, then waiting for the Circuit's decision might well conserve the resources of the parties and the Court. However, the issues in this case and *Caplinger* are distinct. Here, the question is whether, in the context of a split sentence invalidated by *Little*, the district court should grant a defendant's motion for early termination of probation under 18 U.S.C. § 3564(c), which requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), the conduct of the defendant, and the interest of justice. 18 U.S.C. § 3564(c). By

contrast, in *Caplinger* the issue is what remedy on direct appeal the *Circuit* should grant a defendant whose sentence is illegal under *Little*.[9]

The Court thus agrees with the conclusion of another court in this district that a motion for early termination presents issues distinct from those in *Caplinger*. *See United States v. Entrekin*, No. 21-cr-686 (RDM), 2023 WL 8827069, at *3 (D.D.C. Dec. 21, 2023) (denying the government's motion to hold in abeyance pending *Caplinger* defendant's motion for early termination of probation, because in deciding the defendant's motion "the Court has no reason to consider the question now pending before the D.C. Circuit and no reason to hold this case in abeyance pending the D.C. Circuit's decision"). Therefore, waiting for the D.C. Circuit to decide *Caplinger* will not necessarily aid in the efficient disposition of this motion.

In addition, fairness to the defendant also favors denying the government's motion. Every day that Pryer spends on probation without a decision from this Court is a day spent under a cloud of uncertainty. And Pryer's constant alleged violations of her conditions of probation, some of which potentially endanger public safety, further persuade the Court to act quickly to determine whether Pryer may potentially face consequences for her alleged violations.

Accordingly, the Court will deny the government's motion to hold Pryer's motion in abeyance.

---

[9] On appeal, the defendant in *Caplinger* initially challenged his split sentence for a petty offense conviction. Brief for Appellant at 4, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 1964923. After *Little*, the Circuit ordered the parties to file motions to govern future proceedings in the case. Order, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2026197. The Government has moved to vacate Caplinger's entire sentence and remand the case for resentencing; Caplinger has moved to vacate his sentence of probation. *See* Appellee's Mot. to Govern Future Proceedings, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2030567; Appellant's Renewed Mot. to Vacate, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2030968. The Government has asked the Circuit, in the interest of "guid[ing] the district court in this and similar cases" to "clarify . . . that . . . the appropriate avenue for addressing an unlawful split sentence is not through the early termination of probation but through resentencing to a lawful sentence." Appellee's Opp'n to Appellant's Renewed Mot. to Vacate at 2–3, 23–24, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2032794. But the Government's suggestion to the Circuit that it provide such general guidance does not guarantee that the Court will do so, rather than simply select the remedy for this defendant on direct appeal.

**C. The Court Will Not Decide Pryer's Motion for Early Termination at This Time**

The Court declines to rule on Pryer's motion for early termination of probation under 18 U.S.C. § 3564(c), because doing so could predetermine the outcome of Pryer's pending final revocation hearing. Specifically, deciding the question of early termination would require the Court to make findings concerning Pryer's conduct while on probation and the implications of the § 3353(a) factors, which might control the Court's decision on revocation.

Section 3564(c) establishes a framework for deciding motions for early termination of probation. It provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). Therefore, as in the case of the parallel early termination of supervised release statute,[10] the section permits a court to terminate a term of probation early only if the following three requirements are met: (1) early termination is warranted by "the interest of justice;" (2) early termination is warranted by "the conduct of the defendant;" and (3) early termination would be consistent with the applicable § 3553(a) factors. *See United States v. Harrison*, No. 98-cr-235-RCL-5, 2021 WL 1820289, at *3 (D.D.C. May 6, 2021) (observing that 18 U.S.C. § 3582(e)(1) "allows courts to terminate a term of supervised release early when two conditions [concerning the interest of justice and the defendant's conduct] have been met and when certain enumerated factors set forth in 18 U.S.C. § 3553(a) support the early termination." (citing

---

[10] *See* 18 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

*United States v. Mathis-Gardner*, 783 F.3d 1286, 1287 (D.C. Cir. 2015)); *see also United States*

*v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly

indicates that a district court must conclude that the early termination of supervised release is

warranted *both* by the individual's conduct and also by the interest of justice.") (emphasis added).

Revocation of probation is governed by 18 U.S.C. § 3565.  That section provides:

> **(a)** Continuation or revocation. -- If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable --
>> **(1)** continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
>> **(2)** revoke the sentence of probation and resentence the defendant under subchapter A.
>
> **(b)** Mandatory revocation for possession of controlled substance or firearm or refusal to comply with drug testing. -- If the defendant --
>> …
>> **(3)** refuses to comply with drug testing, thereby violating the condition imposed by section 3563(a)(4); or
>> **(4)** as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;
>
> the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment.
> …

§ 3565(a)–(b).

The factors the Court would consider under §§ 3564(c) and 3565(a)–(b) overlap

significantly.  A court considering revocation must consider the conduct of the defendant, since it

may not revoke probation unless it finds the defendant has violated a condition of probation.  *See*

§ 3565(a)–(b); *see also* LCrR 32.1(c)(4) ("Before probation is revoked the Court, in cases where

the facts of violation are contested, shall make findings of fact and shall find that the government

has established by a preponderance of evidence that the probationer has violated a condition of

probation.").  And unless the district court considering revocation finds a defendant to have

triggered mandatory revocation, it must also contemplate the § 3553(a) factors, as when considering early termination.

This overlap means that if the Court were to decide Pryer's early termination motion without waiting for her final revocation hearing, it would likely prejudge the outcome of that proceeding. The fairer and more logical course is for the Court to wait for the final revocation hearing. Then, depending on whether the Court revokes probation, it can either rely on the findings from that hearing to decide Pryer's early termination motion or else deny the motion as moot.

## IV.   CONCLUSION

For the foregoing reasons, the Court declines to hold Pryer's motion in abeyance until the D.C. Circuit's decision in *Caplinger* but also declines to decide the motion at this stage. And for the reasons discussed, the Court concludes that it lacks authority to vacate Pryer's sentence at this time. Accordingly, the Court declines to accept the analysis in the Magistrate Judge's Report and Recommendation. Instead, it will **DENY** the government's motion to hold in abeyance and **DENY** the government's motion for resentencing. Finally, the Court will **VACATE** the referral of this case to Magistrate Judge Faruqui. A final revocation hearing shall be set before the Court at a time to be determined.

A separate order consistent with this Memorandum Opinion shall issue.

Date:   2-2-24

Royce C. Lamberth
United States District Judge